**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

        Plaintiff–Appellee,

v.

FRANCISCO JAVIER MADRID-MONGE,

        Defendant–Appellant.

No. 06-7050

(D.C. No. 05-CV-389-W)

(E.D. Okla.)

**ORDER**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

This is a 28 U.S.C. § 2255 appeal in which Appellant Francisco Javier Madrid-Monge is represented by counsel appointed under the provisions of the Criminal Justice Act. Appellant pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2, and was sentenced to 120 months' imprisonment, the mandatory minimum under § 841(b)(1)(A). Appellant then filed the instant motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in which he argued that (1) the denial of effective assistance of counsel at sentencing precluded consideration of the safety valve provision contained in 18 U.S.C. § 3553(f); (2) his sentence was imposed based on facts not found by the

-1-

jury and calculated based on mandatory application of the Sentencing Guidelines; and (3) the denial of effective assistance of counsel prevented direct appeal.

The district court denied Appellant's first two claims and referred the third to a magistrate judge in order to conduct an evidentiary hearing. The magistrate judge conducted the hearing and issued a report and recommendation suggesting denial of Appellant's third claim, which the district court adopted in a separate order.

Appellant advances to this court the same arguments he made below on the first and third claims; he omits the second claim. However, our consideration of these claims is predicated on our issuance of a certificate of appealability ("COA"). Appellant is entitled to a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The district court thoroughly evaluated Appellant's claim that ineffective assistance of counsel rendered him ineligible for safety valve relief by reviewing the entire record, including the transcript of the sentencing hearing. We agree

with the district court that the sentencing hearing transcript "clearly shows" that Appellant's counsel raised the application of this provision, but that Appellant rejected several opportunities to take advantage of this provision by refusing to offer information to the government.[1]

The district court also ensured that Appellant's third claim, concerning his inability to perfect an appeal due to ineffective assistance of counsel, was thoroughly examined. The magistrate judge conducted an evidentiary hearing at which it became apparent that the plea agreement was fully explained to Appellant and that Appellant's expectations of appeal were unjustified. Appellant presents no evidence of his inability to understand and appreciate the consequences of his guilty plea. Moreover, the magistrate judge recognized that even if an appeal had been preserved, no non-frivolous grounds for appeal would have existed given the district court's rejection of Appellant's other two arguments.

After carefully reviewing the parties' briefs, the district court's disposition, the magistrate judge's report and recommendation, and the record on appeal, we conclude that no reasonable jurist could conclude that Appellant's counsel was ineffective under *Strickland*. Accordingly, as Appellant has failed to show a

---

[1] Appellant bears the burden of establishing that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), we must **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge